## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 19 2017, 8:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Darren Bedwell
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Roger A. Burris, II,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 19, 2017

Court of Appeals Case No.
28A04-1705-CR-1019

Appeal from the Greene Superior Court

The Honorable Dena A. Martin, Judge

Trial Court Cause No.
28D01-1109-FB-120

**Mathias, Judge.**

[1]     Roger Burris ("Burris") appeals the Green Superior Court's order revoking his probation. Burris does not challenge the court's decision revoking his probation

and ordering him to serve his previously suspended sentence. He is simply seeking clarification of his probationary status.

[2] Concluding that the trial court's order revoking Burris's probation and accompanying abstract of judgment unambiguously terminate his probation, we affirm.

## Facts and Procedural History

[3] In August 2013, Burris pleaded guilty to Class B felony dealing in methamphetamine. He was ordered to serve a ten-year sentence, with six years executed and four years suspended to probation.

[4] On February 19, 2014, the trial court modified Burris's placement from the Department of Correction to the Greene County Community Corrections Work Release Center. But Burris violated the work release center's rules by testing positive for bath salts, smoking on the premises, and disobeying staff orders. Therefore, the trial court modified his placement back to the Department of Correction. Burris served the remainder of his six-year executed sentence and was then released to probation.

[5] After two positive tests for synthetic cannabinoids in September and October 2016, the State filed a petition to revoke Burris's suspended sentence. Burris tested positive for synthetic cannabinoids for a third time in December 2016. On February 7, 2017, Burris was arrested for possessing a controlled substance and paraphernalia, and resisting law enforcement.

[6] Burris and the State reached an agreement on the probation violations, and the trial court held a revocation hearing on April 13, 2017. Burris admitted that he violated the terms and conditions of his probation by using illegal substances. In exchange, the State dismissed the February 2017 possession and resisting charges.

[7] The trial court issued an order revoking Burris's probation and ordering him to serve his previously suspended four-year sentence in the Department of Correction "until such sentence is served with good time credit." Appellant's App. Vol. II, p. 188. The court also ordered Burris to participate in the purposeful incarceration program, and stated that he could petition for modification of his sentence upon successful completion of that program. The revocation order states that Burris's "probation shall be terminated as unsuccessful upon his release from custody." *Id.* The abstract of judgment orders Burris incarcerated for four years executed in the Department of Correction and states that he is not to be returned to the court for probation at the completion of his sentence. Burris appeals and seeks clarification of his probationary status.

## Discussion and Decision

[8] Burris argues that the sentencing order and abstract of judgment contain conflicting statements leading to confusion as to whether Burris is still on probation. He claims that "terminating probation at an uncertain future date [is not] consistent with the statutory requirement that the court advise the

probationer of all of the terms of probation."[1] Appellant's Br. at 4. Therefore, Burris asks us to remand this case to the trial court with instructions to "enter a new order declaring whether his probation has already been revoked or terminated." *Id*. at 16.

[9] Burris admitted that he violated the conditions of his probation. Therefore, the trial court was statutorily authorized to impose

> one (1) or more of the following sanctions:
>
> (1) Continue the person on probation, with or without modifying or enlarging the conditions.
>
> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
>
> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

Ind. Code § 35-38-2-3(h). The trial court revoked Burris's probation and ordered him to serve the entirety of his previously suspended four-year sentence in the Department of Correction.

[10] The order revoking his probation states that Burris's "probation shall be terminated as unsuccessful upon his release from custody." Appellant's App. Vol. II, p. 188. The abstract of judgment orders Burris to serve four years

---

[1] Ind. Code section 35-38-2-1(a) states that the when a person is placed on probation the court shall "specify in the record the conditions of the probation[.]"

executed in the Department of Correction and specifically states that Burris will not be returned to the court for probation upon the completion of his sentence.

[11] The order and abstract of judgment unambiguously provide that Burris's probation was revoked, and as a result, he must serve four years executed in the Department of Correction. For this reason, we see no reason to remand this case to the trial court for clarification. Burris is serving an executed sentence and is no longer on probation.

[12] Affirmed.

Vaidik, C.J., and Crone, J., concur.